IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDONALD,<br>　　　　Plaintiff,<br>　v.<br>MURALI R. NAIR,<br>　　　　Defendant. | Case No. 18-cv-06991-MMC<br><br>**ORDER DENYING MOTION TO REMAND AND DECLARE DEFENDANT VEXATIOUS LITIGANT**<br>Re: Dkt. No. 14 |

Before the Court is plaintiff Robert McDonald's ("McDonald") motion, filed March 25, 2019, seeking an order remanding the instant action to the Superior Court of California, in and for the County of Shasta, and declaring defendant Murali R. Nair ("Nair") to be vexatious litigant. Having read and considered the motion, the Court hereby rules as follows.

By order filed February 11, 2019, the above-titled action was remanded to the Superior Court of California, in and for the County of Shasta. (See Doc. 10 (February 11 Order) at 1:22-23.) Accordingly, to the extent McDonald seeks remand, the motion is denied as moot.[1]

To the extent McDonald seeks an order declaring Nair a vexatious litigant, McDonald has not, for the reasons stated below, demonstrated such an order is warranted.

---

[1] Although the instant action has been remanded, the Court retains jurisdiction over "collateral issues . . . even after being divested of jurisdiction on the merits" and, consequently, may determine whether Nair may be declared a vexatious litigant. See Moore v. Permanente Med. Grp., 981 F.2d 443, 445 (9th Cir. 1992).

At the outset, the Court notes that McDonald, in support of his request, relies on section 391 of the California Code of Civil Procedure. Said statute, is not, however, applicable to cases pending in federal court. See Cal. Civ. Proc. Code § 391.1 (limiting application of § 391 to "litigation pending in any court of this state").

Although there are cases in which federal courts have deemed removing defendants to be vexatious litigants, the cases are distinguishable on their facts. In particular, in each of those cases, the removing defendant was declared a vexatious litigant after having repeatedly, and frivolously, removed the same action. See, e.g., JWI Secured Fund, LLC v. Torres, 2019 WL 1095794, at *2 (N.D. Cal. Jan. 25, 2019) (declaring defendant vexatious litigant where he sought to remove same unlawful detainer action three times). Here, by contrast, McDonald's request is premised on his assertion that Nair has been the plaintiff in numerous lawsuits. (See Mot. at 4:13-14.)

Although the Court may consider Nair's "pattern of state court litigation," McDonald must show the cases filed by Nair in state court were "patently without merit" or filed with "an intent to harass." See Ringgold-Lockart v. County of Los Angeles, 761 F.3d 1057, 1064 (9th Cir. 2014) (holding, "[b]efore a district court issues a pre-filing injunction . . . the court [must] make substantive findings as to the frivolous or harassing nature of the litigant's actions" (internal quotation and citation omitted)). McDonald, however, has failed to provide any information about the cases filed by Nair and, consequently, has failed to make the requisite showing.

Accordingly, for the reasons discussed above, McDonald's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 8, 2019

_____
MAXINE M. CHESNEY
United States District Judge